**United States District Court**
For the Northern District of California

E-FILED on ___2/22/07___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND AND COMMUNICATIONS EMPLOYEE BENEFIT TRUST FUNDS; DOUG LUNG AND BOB TRAGNI AS TRUSTEES OF THE NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND AND COMMUNICATIONS DISTRICT NO. 9 HEALTH AND WELFARE TRUST FUND, <br><br> Plaintiffs, <br><br> v. <br><br> ANDERSON AUDIO VISUAL - SAN FRANCISCO, INC., a California Corporation, <br><br> Defendant. | No. C-06-02700 RMW <br><br> ORDER GRANTING IN PART APPLICATION FOR DEFAULT JUDGMENT <br><br> **[Re Docket No. 15]** |

Plaintiffs filed the present action on April 20, 2006 and the complaint was served on October 11, 2006. No response or appearance has been made by Anderson Audio Visual – San Francisco, Inc. ("Anderson") and, on December 17, 2006, default was entered against Anderson. Plaintiffs now apply for default judgment against Anderson. Anderson did not file any opposition. The court heard oral argument on the motion on Friday, February 16, 2007. No appearance was made by

ORDER GRANTING IN PART APPLICATION FOR DEFAULT JUDGMENT—No. C-06-02700 RMW
MAG

1  defendant.  For the reasons set forth below, the court grants in part plaintiffs' application for default

2  judgment.

### I. BACKGROUND

4  Plaintiffs have sued defendant Anderson for failure to pay employee benefits pursuant to a

5  collective bargaining agreement covering certain of its employees.  FAC ¶¶ 5-6.  These employee

6  benefits were to be paid on a monthly basis into certain Northern California-Northern Nevada Sound

7  and Communications Employee Benefit Trust Funds no later than the fifteenth day of each month

8  following the month for which payment is made.  *Id.* ¶¶ 3, 6; Amended Decl. Bob Tragni Supp. Mot.

9  Default J. ("Tragni Decl.") ¶ 3.  The amounts to be submitted are based on the number of hours

10  worked by the employees covered by a collective bargaining agreement.  *Id.* ¶ 6.  Pursuant a letter of

11  assent signed October 25, 2001, Anderson is subject to the 9th District Sound & Communications

12  Agreement covering California, Oregon, Nevada, and Washington, and the Northern California &

13  Northern Nevada Addendum No. 2 Sound & Communications Agreement ("Addendum 2")

14  negotiated on its behalf by the Northern California Chapter Alameda County Branch National

15  Electrical Contractors Association, Inc.  *See* FAC, Ex. A.  According to Addendum 2, these

16  agreements bind Anderson to pay, *inter alia*, pension benefits and health and welfare benefits in

17  accordance with the provisions of the applicable trust agreement for each fund.  FAC, Ex. A at 30,

18  33.[1]  Addendum 2 appears to expire November 30, 2006.  *Id.* at 1.

19  On December 29, 2006, Andersen submitted transmittals regarding contributions for the

20  months of March 2005 through June 2006.  Amended Decl. of Sandy Stephenson Supp. Mot.

21  Default J. ("Stephenson Decl.") at 2:3-5.  However, Anderson has not submitted any payments for

22  the months of March 2006 through July 2006.  *Id.*  Plaintiffs filed a complaint on April 20, 2006

23  seeking contributions for March 2005 through June 2006 and liquidated damages for allegedly late

24  payments for the months of February 2004 through January 2005.

25

26

27

28  [1]     Plaintiffs did not submit a copy of the 9th District Sound & Communications Agreement.  In addition, the submitted version of Addendum No. 2 is an unexecuted version.

ORDER GRANTING IN PART APPLICATION FOR DEFAULT JUDGMENT—No. C-06-02700 RMW
MAG                                                                  2

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

## II.  ANALYSIS

Plaintiffs seek damages as follows:

| | |
|---|---|
| Delinquent Fringe Benefits: | $49,937.52 |
| Liquidated Damages at 10%: | 4,993.75 |
| Unpaid liquidated damages from prior late payments: | 1,906.42 |
| Prejudgment Interest at 8%: | 2,343.30 |
| Attorney's Fees: | 3,363.75 |
| Attorney's Costs: | 494.80 |
| | ---------------- |
| | $63,039.54 |

### A.      Delinquent Contributions

Plaintiffs seek past fringe benefit contributions of $49,937.52.  Stephenson Decl. at 3:6-7.
Plaintiffs compute this amount based on transmittals submitted by Anderson on December 29, 2006
for the months of March 2005 through June 2006.  *Id.* at 3:3-5, Ex. 1.  This court has jurisdiction
over amounts an employer has contractually "promised" to pay.  *Laborers Health & Welfare Trust
Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 548-49 (1988).  An
employer's contractual obligation ceases when it "it permanently ceases to have an obligation to
contribute under the plan, or . . . permanently ceases all covered operations under the plan."  *Id.* at
546 n.10 (citing 29 U.S.C. § 1383(a)).  Based on the declarations submitted by plaintiffs, which
attach the transmittals submitted by Anderson to defendants for the period in question, the court is
satisfied that Anderson has a continued contractual obligation to make contributions under the
collective bargaining agreement for the period in question.

### B.      Liquidated Damages

Plaintiffs seek liquidated damages based on the delinquent contributions for March 2005
through June 2006 as well as for allegedly late payments for the months of February 2004 through
January 2005.  Under the Employee Retirement Income Security Act of 1974 (ERISA), the trustees
of a plan may bring action in federal district court pursuant to ERISA § 502 against an employer
who is delinquent in meeting their contractual obligations.  *Laborers Health & Welfare Trust Fund*

ORDER GRANTING IN PART APPLICATION FOR DEFAULT JUDGMENT—No. C-06-02700 RMW
MAG                                                                                      3

United States District Court
For the Northern District of California

*for N. Cal.*, 484 U.S. at 546-47; *see* 29 U.S.C. §§ 1132, 1145.   ERISA § 502(g)(2) creates a "special

remedy against employers who are delinquent in meeting their contractual obligations that . . .

includes a mandatory award of prejudgment interest plus liquidated damages in an amount at least

equal to that interest, as well as attorney's fees and costs."  *Id.* at 547.   Section 502(g)(2) provides in

relevant part:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce
> section 515 of this title in which a judgment in favor of the plan is awarded, the court
> shall award the plan-
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of-
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20
> percent (or such higher percentage as may be permitted under Federal or State law) of
> the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).  The agreement of one of the funds at issue, the IBEW/NECA Sound and

Communications Health and Welfare Trust Fund ("Health & Welfare Trust Fund") provides for

liquidated damages at 10% and interest at 8%.  FAC, Ex. B at 10-11.  As noted above, ERISA

permits liquidated damages of up to 20% or a higher rate as may be permitted by law.  The court is

satisfied that 10% is an appropriate rate for determination of liquidated damages in this case.

Therefore, liquidated damages in the amount of 10% of the delinquent contributions amount of

$49,937.52 shall be awarded for the period of March 2005 through June 2006.

Plaintiffs additionally request payment for unpaid liquidated damages for the period from

February 2004 through January 2005.  When entering default judgment, the court must determine

what violations, if any, arise from the well-pled allegations of the complaint.  The court need not

make detailed findings of fact in the event of a default judgment.  *Adriana Int'l Corp. v. Thoeren*,

913 F.2d 1406, 1414 (9th Cir. 1990).  It must, however, make particularized findings as to damages.

*Id.*  The "general rule is that upon default, allegations of the complaint are accepted as true except as

to damages."  *Id.* (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).  Although

1   they set forth that they seek liquidated damages for the period between February 2004 and January

2   2005 in their complaint and the declarations supporting their motion for default judgment, plaintiffs

3   do not state any factual basis for entitlement to liquidated damages for this period, instead

4   generically stating that "past due liquidated damages are due for the months of February, March,

5   April, September, October, November and December 2004 and January 2005."  Stephenson Decl. at

6   2:8-12; *see also* Tragni Decl. ¶ 3; FAC ¶ 11.  Thus, the court declines to award liquidated damages

7   for the period between February 2004 and January 2005.

8   **C.      Prejudgment Interest**

9           Plaintiffs seek prejudgment interest on the delinquent fringe benefits (March 2005 through

10   June 2006) at an annual rate of 8% for the period from May 1, 2006 to December 1, 2006.  Suppl.

11   Decl. Sue Campbell Supp. Mot. Default J. ("Suppl. Campbell Decl.") at 3:6-10.  Plaintiffs ask for

12   interest of $2,343.30 for that period.  ERISA provides that interest on unpaid contributions shall be

13   determined by using the rate provided for in the plan or, if none, the rate prescribed under I.R.C. §

14   6621(g)(2).  29 U.S.C. § 1132(g)(2).  The Health & Welfare Trust Fund agreement provides for

15   interest at an annual rate of 8%.  FAC, Ex. B at 10-11.  The court concludes that 8% is an

16   appropriate prejudgment interest rate.[2]

17   **D.      Attorney's Fees and Costs**

18           Plaintiffs' counsel seeks attorney's fees of $3,363.75 for a total of 14.25 hours plus 3 hours to

19   prepare the default judgment.  Suppl. Campbell Decl. at 1:24-26.  The court has reviewed the billing

20   statements submitted by plaintiffs' counsel.  The court finds counsel's billing rate and the billed

21   hours and costs reasonable and awards attorney's fees of $3,363.75 (17.25 x 195) and costs of

22   $494.80.

23           There appears to have been confusion between the amount of delinquent of payments owed

24   by the present defendant, Anderson Audio Visual – San Francisco, Inc., and that owed by a similarly

25   named party, Anderson Audio Visual – Berkeley ("Anderson – Berkeley").  Stephenson Decl. at

26   1:27-2:2 ("I previously submitted a declaration of the amount of the delinquency.  That declaration

27

28   [2]     I.R.C. § 6621(g)(2) generally provides that the quarterly interest rate for underpayment is the
federal short-term rate for the first month of that quarter plus three percentage points.  Applying
I.R.C. § 6621(g)(2), the annual interest rate would be approximately 8%.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    was incorrect.  I mistakenly calculated the delinquency of another contract with a similar name as

2    the Defendant, 'Anderson Audio Visual – Berkeley'.").  In light of this confusion, this court reminds

3    plaintiffs' counsel that if she also represents plaintiffs with respect to Anderson – Berkeley and

4    intends to seek attorney's costs and fees with regard to that entity, she should ensure that her billing

5    slips and costs records accurately permit her differentiate between the present defendant and

6    Anderson – Berkeley.

7                                                **III.  ORDER**

8            For the foregoing reasons, the court hereby enters judgment against defendant Anderson

9    Audio Visual – San Francisco, Inc. and in favor of plaintiffs.  Plaintiffs are entitled to an award of

10   delinquent benefits contributions for the months of March 2005 through April 2006, totaling

11   $49,937.52, and liquidated damages for such delinquent contributions at a rate of 10%, or $4,993.75.

12   As requested by plaintiffs, the court grants plaintiffs interest on the delinquent contributions in the

13   amount of $2,343.30.  Plaintiffs have not shown a factual basis for their claim to unpaid liquidated

14   damages for late contributions for the months of February 2004 through January 2005, therefore the

15   court declines to award the additional liquidated damages sought for that period.  Plaintiffs' counsel

16   is entitled to attorney's fees of $3,363.75 and costs of $494.80.

17

18

19   DATED:        2/21/07                              _Ronald M Whyte_
                                                        RONALD M. WHYTE
20                                                      United States District Judge

21

22

23

24

25

26

27

28

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Sue Campbell                    suecampbell@att.net

**Counsel for Defendants:**

(no appearance)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      2/22/07                              /s/ MAG
                                          **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California